IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COLEY GASSAWAY,

        Plaintiff,

v.                                       Case No. 12-2233-JTM

KANSAS GAS SERVICE, LLC, ONEOK
KANSAS PROPERTIES, LLC, AND
JOHN DOE #1,

        Defendants.

MEMORANDUM AND ORDER

The court has before it Coley Gassaway's Motion to Dismiss (Dkt. 11). Gassaway asks the court to dismiss this case without prejudice under Federal Rule of Civil Procedure 41(a)(2) so she can pursue her claims in state court. The defendants argue that Gassaway's motion should be denied as an attempt at forum shopping. They ask that this action be dismissed with prejudice or, in the alternative, dismissed without prejudice upon the condition that plaintiff pay defendants their costs incurred to defend this lawsuit in the event plaintiff refiles her claims against defendants. Gassaway has not filed a reply.

**I. Factual Background**

Plaintiff asserts causes of action for wrongful death under theories of negligence arising out of a January 13, 2010, fire at 1856 N. 32nd Street, Kansas City, Kansas 66102. Prior to January 13, 2010, Plaintiff requested that natural gas service to her residence be turned on. She claims that ONEOK's service technician refused to turn on gas service to

the residence because the hot water heater was in disrepair, leaving her without heat in the winter. Plaintiff was using space heaters to heat the home and one of the heaters allegedly caught fire, leading to the death of her two minor children, Dateveion Brashears and Jaliyah Brashears. Plaintiff contends that ONEOK had a duty to provide natural gas service and its failure to do so was negligent in that forcing her to use space heaters increased the risk of fire.

On May 24, 2010, Gassaway originally filed this lawsuit against other defendants in the Superior Court of Bibb County, Georgia. On October 11, 2010, the defendants in the Georgia action filed a motion to sever and dismiss Gassaway's claims because she improperly attempted to join her cause of action with a Georgia plaintiff's independent cause of action that arose out of an unrelated fire. In response to the motion, on November 9, 2010, Gassaway voluntarily dismissed her claims against the defendants without prejudice.

On August 2, 2011, Gassaway re-filed the lawsuit against Jarden, Sunbeam and Wal-Mart in the District Court of Wyandotte County, Kansas. On August 31, 2011, the defendants removed the action to the U.S. District Court for the District of Kansas, Case No. 11-2496-RDR. Gassaway did not move to remand. On January 13, 2012, Gassaway filed suit against ONEOK, Clyde Yost and National Property Inspections in the District Court of Wyandotte County, Kansas. On February 8, 2012, Gassaway moved to voluntarily dismiss the federal action against Jarden, Sunbeam and Wal-Mart without prejudice. The defendants opposed the dismissal. This court permitted the dismissal

without prejudice, but ordered Gassaway to pay each defendant the fees and expenses upon re-filing the action against either defendant.

ONEOK removed this action on April 23, 2012. Gassaway failed to timely serve the Yost and National Property Inspections and this court issued a Show Cause Order (Doc. 9). Gassaway failed to respond. The court dismissed defendants Yost and National Property Inspections without prejudice on October 10, 2012 (Doc. 10). The court held a scheduling conference on November 4, 2012, at which Gassaway's counsel advised that he was considering adding additional defendants. Gassaway had already filed this Motion to Dismiss Without Prejudice. Instead of joining the additional defendants to the federal action, Gassaway had already filed a separate cause of action against Jarden, Sunbeam, Yost, and National Property Inspections in the District Court of Wyandotte County, Kansas on September 21, 2012. ONEOK was not named in the state court action.

**II. Legal Standard**

FED. R. CIV. P. 41(a)(2) permits a district court to dismiss an action without prejudice "on terms that the court considers proper." A court should exercise its discretion "primarily to prevent voluntary dismissals which unfairly affect the other side and to permit the imposition of curative conditions." *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996) (interior quotation omitted). Absent "legal prejudice" to the opposing party, a district court should normally grant a dismissal without prejudice. *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)). "Neither the mere prospect of a second

lawsuit nor a tactical advantage to the plaintiff amount to legal prejudice." *Nunez v. IBP, Inc.*, 163 F.R.D. 356, 359 (D. Kan. 1995) (quoting *Wimber v. Dep't of SRS*, 156 F.R.D. 259, 261 (D. Kan. 1994)). The U.S. Court of Appeals for the Tenth Circuit has commented: "The possibility that [a] plaintiff[] may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved." *Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) (affirming a motion to dismiss without prejudice where defendant maintained that plaintiffs refiled case in state court with non-diverse defendants to preclude removal). The Tenth Circuit directs courts to consider the following "practical" factors when deciding whether dismissal without prejudice would cause legal prejudice: " 'the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of the litigation.' " *Brown*, 413 F.3d at 1124 (quoting *Ohlander*, 114 F.3d at 1537)).

### III. Analysis

The court analyzes the motion under the *Ohlander* factors. *See id.* Defendants have put minimal efforts and expense into the case at this point. This case is in a very early stage: discovery has not begun, the motion was filed before the scheduling conference, a case management plan has not been developed, and no dispositive motions have been filed. Defendants contend that plaintiff seeks dismissal for the alleged improper tactical reason of refiling in a state court forum. Despite the potential for forum shopping, the Tenth Circuit has held that insufficient for the court to find

4

prejudice to the defendants. *See Am. Nat'l Bank & Trust Co.*, 931 F.2d at 1412. Any delays in the prosecution of this case have been caused by Gassaway's counsel, not her; the court will not fault Gassaway substantially for these small delays. Gassaway's explanation for this motion is that she desires to join all the potential defendants in this case, and that adding the defendants in her state case would destroy diversity because one or more of them are believed to be Kansas residents. The court is satisfied with this explanation for her motion. Having found no legal prejudice to defendants, the court grants the dismissal without prejudice. *See Brown*, 413 F.3d at 1123.

The court declines to require Gassaway to pay the defendants' expenses incurred in defending this action. When the court required this of Gassaway in a prior case, she was required to reimburse only the expenses incurred by defendants after they began preparing for the scheduling conference in the case. *See Gassaway v. Jarden, et al.*, No. 11-CIV-2496-RDR (D. Kan. Mar. 21, 2012). The court believed that defendants "spent time in connection with the scheduling and litigation of this case which could have been saved had counsel made it known at that time that plaintiff intended to dismiss this action." *Id.* In this case, Gassaway filed her motion to dismiss before the scheduling conference. Defendants were well aware of Gassaway's intention of dismissing this case before the scheduling conference took place. The court, therefore, declines to require Gassaway to pay defendants' fees and expenses.

5

IT IS THEREFORE ORDERED this 15th day of February, 2013, that Gassaway's Motion to Dismiss (Dkt. 11) is granted. The court dismisses the case without prejudice.


                                        s/J. Thomas Marten
                                        J. THOMAS MARTEN, JUDGE